THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ ÁNGEL ORTIZ, Defendant and Appellant.

No. 13348.    Argued November 1, 1948.—Decided November 22, 1948.

350

*A. Cadilla Ginorio* for appellant. *Luis Negrón Fernández, Attorney General,* and *J. Rivera Barreras, Prosecuting Attorney,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

An information was filed against José Angel Ortiz and Jaime Ortiz in the District Court of Arecibo for a violation of § 6 of Act No. 72 of April 26, 1940, concerning Foods and Drugs, wherein it was alleged:

"That the defendants, José Angel Ortiz and Jaime Ortiz, the former as owner of the commercial establishment known as 'El Globo' and the latter as clerk of Mr. José Angel Ortiz, illegally, willfully and maliciously, with the deliberate intent of violating the Foods and Drugs Act, Section 6 of Act No. 72 of April 26, 1940, disposed by sale of 612 Dominican cheeses within 102 boxes containing six cheeses each, which were attached upon taking sample of said cheese, warning them by the record of attachment made by the Health inspector that said cheese could not be removed from the place for sale without the permission of the inspector or of a competent court because the cheese when opened was found to contain a cockroach."

Trial was held and evidence was introduced against the defendants whereupon they filed a motion for nonsuit. The court peremptorily acquitted Jaime Ortiz but not codefendant José Angel Ortiz who submitted the case without introducing evidence. He was found guilty and sentenced to pay a fine of $100 or to serve one day in jail for each dollar left unpaid, plus costs.

Feeling aggrieved by this decision he appeals and alleges that the lower court erred; 1st in admitting an extrajudicial

statement or confession of the defendant to establish the *corpus delicti* and also to connect the defendant with the commission of the offense charged, without having established the *corpus delicti* with evidence other than the statement or confession of the defendant; 2nd in overruling the motion for nonsuit filed by the defendant; and 3rd because the judgment is contrary to the law and the evidence.

■ Before passing on the errors assigned, the appellant for the first time sets up a demurrer that the facts stated in the information do not constitute a public offense. The prosecuting attorney argues that having failed to plead it in the lower court he is precluded from pleading it for the first time on appeal. We do not agree. Since this demurrer, like that for lack of jurisdiction, is of a privileged character it may be raised at any time. *People* v. *Flores*, 33 P.R.R. 764.

■ Appellant contends that he was charged with a violation of § 6 of the Foods and Drugs Act, and that this Section does not charge any offense for it merely establishes the procedure to be followed by the Health inspectors in certain cases. Insofar as pertinent, § 6 provides:

"Whenever a duly authorized inspector of the Commissioner finds, or has probable cause to believe, that any food, drug, device, or cosmetic is adulterated, or so labeled as to be dangerous or fraudulent, within the meaning of this Act, he shall affix to such article a tag or other appropriate marking, giving notice that such article is, or is suspected of being, adulterated or misbranded and has been detained or embargoed, and on the same tag or appropriate marking shall give warning to all interested persons that such article may not be removed from its place or disposed of by sale or otherwise until permission for removal or disposal is given by such inspector or by competent court. For his protection he shall draw up in duplicate a record of the proceedings, setting forth the quantity of the articles under custody. He shall take the regulation samples."

Sections 3(h) and 5(a) of that same Act also provide that:

"Section 3.—The following acts and the permitting thereof within Puerto Rico are hereby prohibited:

"(a)   *      *      *      *      *      *      *
"(b)   *      *      *      *      *      *      *
"(c)   *      *      *      *      *      *      *
"(d)   *      *      *      *      *      *      *
"(e)   *      *      *      *      *      *      *
"(f)   *      *      *      *      *      *      *
"(g)   *      *      *      *      *      *      *

"(h) The removal or disposal of a detained or embargoed article in violation of Section 6."

"Section 5(a) Any Person who violates any of the provisions of Section 3 shall be guilty of a misdemeanor and shall, on conviction thereof, be punished by imprisonment in jail for a term of not more than three (3) months, or by a fine of not more than five hundred (500) dollars, or by both penalties; but if the violation is committed after a conviction of such person under this section has become final, such person shall be punished by imprisonment in jail for a term of not more than one (1) year, or by a fine of not more than one thousand (1,000) dollars, or by both penalties, in the discretion of the court."

Section 6, *supra*, contains the prohibition that an adulterated food which has been embargoed by an inspector can not be removed from its place or disposed of by sale or otherwise until the proper permission is given by said inspector or competent court. Section 3(h), *supra*, reaffirms and ratifies this prohibition and § 5(a) contains the penalty for the violation thereof. In our opinion the fact that § 3(h) is not mentioned in the information, does not mean that a public offense was not charged against the defendant, for, as we have noted, the prohibition contained in § 6 is identical to that specified in § 3(h). A violation of § 6 is tantamount to a violation of § 3(h) and consequently the information in this case charges a public offense.

■■ The first error assigned lacks merit. The evidence in this case shows that irrespective of the statement made by the defendant to inspector Carmelo Guzmán Marrero to the effect that he had sold the attached cheese to a man by the

name of Rafael Rivera of Hatillo, the *corpus delicti* was established when the inspectors did not find the cheese in the establishment of the defendant which was the place where they had been attached. The *corpus delicti* herein is the act of having removed the cheese from the place where it was attached or of having sold it. Sections 6 and 3(*h*), *supra.* In *People* v. *Truyol*, 36 P.R.R. 338, we held, copying from the syllabus, that: "Although the *corpus delicti* must be established before the introduction of evidence of statements or admissions of defendant, in the absence of prejudice or any other irregularity the admission of evidence is not fatal if the commission of the offense is ultimately established independently of the alleged admissions of defendant."

The first error, therefore, was not committed. In the second and third the appellant alleges that the court erred in overruling his motion for nonsuit because the evidence for the prosecution showed that the requirements of § 7 of the Foods and Drugs Act had not been fulfilled insofar as it provides in its pertinent part that ". . . Before filing any complaint the Commissioner shall give notice to the person against whom such proceeding is contemplated and such person shall be given an opportunity to present his views either orally or in writing, in person or by attorney, with regard to such contemplated proceeding." He further alleges that the attachment was void and not binding on him.

As to the first ground we believe that although § 7 requires that before filing any complaint, the person interested in such proceeding be given an opportunity to present his views with regard to such proceeding, the facts in this case show that when the inspector went to take other samples of the cheese to send it for examination to the laboratory of the Health Department and hence when the administrative investigation had not yet been concluded, the defendant had already disposed of the boxes of cheese which had been attached and explained that he had sold them to another person in

354

another town as food for hogs. Although at that time it had not yet been decided whether appellant herein would be prosecuted, the provisions of § 7, *supra*, were substantially complied with inasmuch as the defendant admitted that he had violated § 6 by disposing, by sale, of the attached cheese. His statement that he had sold said cheese as food for hogs was not accepted by the Health agents as sufficiently satisfactory to relieve him from criminal prosecution. Rather he impliedly admitted by that statement that the cheese was not suitable for human consumption.

■ Appellant finally contends that the attachment was void because the Health inspector, by merely finding a cockroach inside a cheese, did not "have reasonable grounds" to attach the 612 remaining cheeses of the same brand which wore in possession of the defendant. We do not agree. The evidence showed that the Health inspector of Arecibo ordered the attachment, not only of the cheese in the possession of the defendant but of all the cheeses in the retail and wholesale business in Arecibo branded "Edam Style Brand" imported from Santo Domingo. There was expert testimony to the effect that a cheese containing a cockroach in the inside is an adulterated product. The attachment was ordered for the purpose of stopping the sale of the cheese while an investigation was carried on to determine whether or not it was fit for human consumption. We do not agree with appellant in that the order of the attachment was unreasonable or that no compliance was had with § 6, *supra*, because the labels affixed to the boxes of cheese which were attached did not state the warnings specified in said section. Said labels were not presented in evidence because they were affixed to the boxes which defendant removed. Yet a copy of the record of attachment was presented and it appears therefrom that the statutory requirements were substantially fulfilled.

■ As to the motion for nonsuit the evidence for the prosecution herein established a prima facie case against

the defendant, *People* v. *Rivas*, 68 P.R.R. 439 and the failure to present evidence to the contrary is sufficient to support the conviction.

The judgment is affirmed.